James **MARTY**

v.

Raymond **GARCIA.**

No. 94–530–Appeal.

Supreme Court of Rhode Island.

Dec. 4, 1995.

Merrill J. Friedemann, Aram Schefrin, Providence, for Plaintiff.

Edward Gnys, Jr., Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 8, 1995, on appeal from the granting of a motion for directed verdict in favor of the defendant, Raymond Garcia. The plaintiff, James Marty, brings this action against the defendant on the basis of social-host theory of liability.

After leaving a party given at defendant's home, plaintiff and his wife were involved in a car accident. Apparently, plaintiff and his wife had an argument that resulted in the wife's leaving the party early. She entered their car, locked the doors, and drove off with plaintiff hanging onto the rear of the vehicle. The car collided with a tree, and plaintiff was gravely injured. At the close of the evidence in Superior Court, the trial justice granted defendant's motion for a directed verdict. A timely appeal to this court was filed.

On receipt of plaintiff's brief, defendant filed a motion to affirm the judgment below pursuant to Rule 16(g) of the Supreme Court Rules of Appellate Procedure. The matter was assigned to the show-cause calendar where the parties were directed to appear and show cause why the issues raised in this motion should not be summarily decided. After hearing counsel in oral argument and after reviewing the memoranda submitted by them, we are of the opinion that cause has not been shown and that the motion will be decided at this time.

Among the several situations that would support a motion to affirm the order or judgment below enumerated in Rule 16(g) is when the issue on appeal is clearly controlled by settled Rhode Island law.

The court is of the opinion that this motion to affirm must be granted. The entire theory of the case is social-host liability. This state has never adopted social-host liability. *See Ferreira v. Strack*, 652 A.2d 965, 968 (R.I.1995). This court declines to adopt the doctrine of social-host liability at this time.

Therefore, the plaintiff's appeal is denied, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.